UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                    Chapter 11

BENJAMIN HIRSCH,                                           Case No:1-02-17966-dem

             Debtor.
--------------------------------------------------------x

## DECISION ON HEARINGS HELD ON JANUARY 4, 2007

APPEARANCES:

Beth E. Spickler, Esq.
Stein Riso Mantel, LLP
Attorneys for Debtor/Plaintiff
405 Lexington Avenue, 42nd Floor
New York, New York 10174

Joseph J. Haspel, Esquire
Attorney for Debtor/Plaintiff
40 Matthews Street, Suite 201
Goshen, NY 10924

Bonni J. Perlin, Esq.
Trial Attorney, U. S. Department of Justice, Tax Division
Attorneys for Defendant
Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

Gary Kushner, Esquire
Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP
Attorneys for Nachama Hirsch
330  Old Country Road
P.O. Box 31
Mineola, NY 11501

Brian J. Hufnagel, Esq.
Trial Attorney
Office of the U.S. Trustee
271 Cadman Plaza East, Suite 4925
Brooklyn, NY 11201

Paul I. Krohn, Esquire
Attorney for Receiver Douglas Rosenberg
40 Clinton Street
Brooklyn, NY 11202

Mark L. Cortegiano, Esq.
Attorney for Maspeth Federal Savings & Loan Association
65-23 69th Place
Middle Village, New York 11379

David Carlebach, Esq.
Attorney for the Torah Academy High School of Brooklyn
40 Exchange Place, Suite 306
New York, New York 10005


DENNIS E. MILTON
United States Bankruptcy Judge


On January 4, 2007, the Court conducted hearings on the outstanding issues in

this case.  Specifically, the Court heard the application of the debtor for an order pursuant to

Section 363 of the Bankruptcy Code to permit the sales of certain real estate to go forward free

and clear of all liens and outside the debtor's proposed plan of reorganization (the "Sales

Application"); the application of the debtor for approval of the debtor's Fifth Amended

Disclosure Statement and Third Amended Plan of Reorganization; the application of creditor

Nachama Hirsch for approval of her Disclosure Statement and Plan of Reorganization; the

application of creditor Maspeth Federal Savings and Loan Association for an order granting

relief from the automatic stay; the application filed by counsel for the debtor for an order

approving the payment of compensation to the Gabriele Appraisal Company, for professional

services rendered; the application of the creditor Nachama Hirsch for an order converting the

case from a chapter 11 case to a chapter 7 case; the application of the United States of America

2

(Internal Revenue Service) for an order granting relief from the automatic stay; and the application of the debtor for an order quashing a subpoena and directing the creditor Nachama Hirsch from the use of certain documents.

           For the reasons set forth below, the applications are determined as follows.  The Sales Application is denied because the debtor failed to meet the showing required pursuant to the holding in In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983).  The application of creditor Maspeth Federal Savings and Loan Association for an order granting relief from the automatic stay is denied because Maspeth is adequately protected.   The application filed by counsel for the debtor for an order approving the payment of compensation to the Gabriele Appraisal Company for professional services rendered is denied without prejudice to renew upon a showing that there are funds in the debtor's estate not subject to a pre-existing lien which are available to make the payment of professional fees.   The application of the debtor for approval of the debtor's Fifth Amended Disclosure Statement and Third Amended Plan of Reorganization is denied on the grounds that the debtor has failed to meet the disclosure requirements and has presented a plan which is not confirmable.  The application of creditor Nachama Hirsch for approval of her Disclosure Statement and Plan of Reorganization is denied for substantially the same reasons.   The application of the creditor Nachama Hirsch for an order converting the case from a chapter 11 case to a chapter 7 case is granted; the debtor in this case has failed for more than four years to develop a confirmable plan, provide adequate disclosure concerning projected income to support payments called for under the plan and to market the properties proposed for sale in an expeditious manner.   The application of the United States of America (Internal Revenue Service) for an order abandoning certain real property and granting relief from the

automatic stay and the application of the debtor for an order quashing a subpoena and directing

the creditor Nachama Hirsch from the use of certain documents are adjourned to the status

conference in this case scheduled for January 18, 2007.

JURISDICTION

This Court has subject matter jurisdiction over this controversy pursuant to 28

U.S.C. §§1334(b) and 157(b)(2) and the Eastern District of New York standing Order of

reference dated August 28, 1986.  This decision constitutes the Court's findings of facts and

conclusions of law to the extent Fed. R. Bank. P. 7052 requires.

FACTUAL BACKGROUND

Familiarity with the facts underlying these applications is assumed, as this case,

which is now more than four and one half years old, has been the subject of numerous

applications which have resulted in written decisions and orders.   In prior decisions, this Court

has kept Douglas Rosenberg, the state court appointed receiver,  in place and denied the

application of Maspeth Federal Savings & Loan Association in the Entity Debtors' cases for

relief from the automatic stay. The facts set forth below are those which the Court deems

relevant to the hearings held on January 4, 2007.

On June 12, 1997, Mrs. Hirsch commenced divorce proceedings against Hirsch in

the Supreme Court of New York (the "State Court").  On October 30, 2000, the Honorable

Virginia E. Yancey ("Justice Yancey") granted the application for divorce but stayed entry of the

judgment of divorce pending resolution of ancillary issues, including the equitable distribution of

marital property.  On May 22, 2001, Justice Yancey found Hirsch in contempt of Court for

repeated violations of court orders to preserve the marital properties.  By Order dated May 31,

4

2001, the State Court appointed Jeffrey Goldstein as temporary receiver for the marital

properties.  On December 21, 2001, the temporary receivership ended and the State Court

appointed Douglas Rosenberg ("Rosenberg") as the Receiver.[1]   On October 16, 2001, a trial

commenced on the outstanding issues. On May 10, 2002, the state court issued a Decision After

Trial (the "state court decision").   On  June 21, 2002, before the state court entered any

judgment, the debtor Hirsch and Coney Island Land Co., LLC, Fiduciary Holdings, LLC, Digby

Apartments, Inc., and Sheldrake Holding Company, LP (collectively, the "Entity Debtors") filed

separate chapter 11 petitions.

On January 20, 2005, this Court issued an Order fixing the claim of Nachama

Hirsch ("Mrs. Hirsch"), the debtor's spouse, as an unsecured claim in the amount of

$2,220,558.92.  On March 31, 2005, this Court issued a Decision and Order clarifying a

Decision and Order dated December 23, 2004, in which it struck certain paragraphs from a

proposed judgment which Mrs. Hirsch sought to have entered in the state court, finding that

---

[1] The state appointed Rosenberg as Receiver for the following properties:

> (1) Twenty-four cooperative Apartments at 2265 Gerritsen Avenue, Brooklyn, New York, part of the Digby Apartments, Inc. estate.
> (2) 900-902 Coney Island Avenue, Brooklyn, New York, part of the Coney Island Avenue, LLC estate.
> (3) 2098 East 7th Street, Brooklyn, New York, part of the Fiduciary Holdings, LLC ("Fiduciary") estate.
> (4) 945 East 7th Street, Brooklyn, New York, part of the Fiduciary estate.
> (5) 976 East 29th Street, Brooklyn, New York, part of the Fiduciary estate.
> (6) Cooperative unit Apartments 1-F and 2-J at 1350 Ocean Parkway, Brooklyn, New York.
> (7) 2513 Avenue I, Brooklyn, New York, titled in Mrs. Hirsch's name, but for which Hirsch claimed an equitable marital interest in the property on his schedules.
> (8) 2115 Avenue I, Brooklyn, New York, titled in  Hirsch's name.
> (9) 941 East 27th Street, Brooklyn, New York, titled in Mrs. Hirsch's name, but for which Hirsch claimed an equitable marital interest in the property on his schedules.

See Justice Yancey Order dated December 21, 2002.

5

those terms violated the automatic stay (the "Lift Stay Order").  Mrs. Hirsch filed a notice of appeal from each of these Decisions and Orders.

In a Memorandum and Order dated March 10, 2006 (the "Memorandum Decision"), United States District Judge Carol Bagley Amon ("Judge Amon") found that the bankruptcy court erred in its mathematical calculation of Mrs. Hirsch's claim, vacated the bankruptcy court's order determining the amount of Mrs. Hirsch's claim and remanded the matter to the bankruptcy court for further proceedings consistent with its decision. Memorandum Decision at 24.    On October 31, 2006, this Court issued its Response to the Remand.  Pursuant to the District Court's direction, the Court fixed the claim of Nachama Hirsch against the debtor in this case as an unsecured claim in the amount of $2,343,707.94, set forth its basis for denial of a motion for abstention it deemed was neither properly made nor warranted in law or fact, and provided a statement concerning its position that Mrs. Hirsch's Third Proposed Judgment violated the terms of this Court's previously entered Lift Stay Order.

By notice of Motion dated July 28, 2005, counsel for the debtor moved for an Order precluding the presentation of evidence by the creditor Nachama Hirsch of evidence which she allegedly obtained pursuant to a subpoena dated April 11, 2005 addressed to Signature Bank.                    On March 22, 2006, Nachama Hirsch, the debtor's former wife and a creditor in this case, filed a First Amended Disclosure Statement in connection with a liquidating plan which was filed on December 2, 2005.

By Notice of Motion dated June 5, 2006, counsel for the debtor moved for an Order approving the fees of the Gabriele Appraisal Company and thereafter authorizing the debtor to pay the Gabriele Appraisal company a total award of $15,062.50.

6

On August 31, 2006, the debtor filed his Third Amended Chapter 11 Plan and Fifth Amended Disclosure Statement.

By Notice of Motion dated December 6, 2006, Maspeth Federal Savings and Loan Association moved for an order granting relief from the automatic stay to permit it to sell two of the properties which were the subject of the debtor's Sales Application.

By Notice of Motion dated December 10, 2006, the debtor moved for an Order pursuant to Section 363 of the Bankruptcy Code approving a procedure for the sale of three real property parcels which he owns (the "Sales Application").

<u>DISCUSSION</u>

A.  The Sales Application Must be Denied.

As noted above, by Notice of Motion dated December 10, 2006, the debtor filed the Sales Application, seeking an Order pursuant to Section 363 of the Bankruptcy Code approving a procedure for the sale of three real property parcels which he owns.  On December 28, 2006, counsel for Nachama Hirsch filed papers in opposition to the Sales Application.  On December 29, 2006, the Office of the United States Trustee filed an Objection to the Sales Application.   On January 3, 2007, counsel for the debtor filed a reply to the opposition papers.

Counsel for Nachama Hirsch argued that the granting of the application, filed on the eve of the hearings for approval of the debtor's disclosure statement and her disclosure statement, would effectively thwart the advancement of her plan.  The United States Trustees Office objected to the proposed sale on the ground that the debtor failed to meet the required showing  pursuant to the holding in <u>In re Lionel Corp.</u>, 722 F.2d 1063, 1071 (2d Cir. 1983), of

the existence of "a good business reason to grant such an application." In addition, the United

States Trustees Office objected to the proposed sale without any advertising, found the required

financial disclosure too cumbersome and the bidding increments too large for prospective

bidding and the location of the auction sale in Rockland County inappropriate for the Brooklyn

properties.

            In his reply papers and at the hearing, counsel for the debtor indicated a

willingness to address the objections of the United States Trustee's Office.  However, at the

hearing, counsel acknowledged that he was not familiar with the advertising requirements for the

sale of real estate in a case such as this.  Counsel for the debtor argued that the requirements of

the In re Lionel Corp decision should not apply in individual as opposed to corporate chapter 11

cases, a distinction which this Courts finds to be truly a distinction without a difference.  As

proposed the Sales Application does not present an auction procedure which is targeted to

maximize the value of the properties in question and is not in the best interest of the debtor's

estate.   Given counsel's lack of familiarity with the procedures of real estate sales, the lateness

in the filing of this application and the failure to meet the Lionel standard, the Sales Application

must be denied.

            B.  The Application of creditor Maspeth Federal Savings and Loan
               Association for an order granting relief from the automatic stay
               is denied because Maspeth is adequately protected.

            By Notice of Motion dated December 6, 2006, Maspeth Federal Savings and

Loan Association moved for an order granting relief from the automatic stay to permit it to sell

two of the properties which were the subject of the debtor's Sales Application.  Maspeth had

previously filed an application in the Entity Debtors' cases for relief from the automatic stay,

8

which the Court denied because it found that Maspeth was adequately protected. See Decision and Order dated September 23, 2004. The same result is warranted on this application. Here, the debtor's schedules and exhibits have established that a large equity cushion exists for each property. Although continuing non-payment of the mortgage and real estate taxes would diminish this equity cushion, the properties should be sold promptly upon conversion of this case. This Court is also mindful that a receiver has been in charge of one of the properties and that Maspeth refused to join a stipulation that would have explicitly allowed the receiver to make payments. Thus, the Court finds that the large equity cushion, coupled with the relatively small monthly payments, and prospects of a relatively quick sale resulting in payment in full adequately protects Maspeth's secured interest. See In re Elmira Litho, Inc., 174 B.R. 892, 902-03 (Bankr. S.D.N.Y. 1994).

      C.  The Application for an order approving the payment of compensation to the Gabriele Appraisal Company for professional services rendered is denied.

        By Notice of Motion dated June 5, 2006, counsel for the debtor moved for an Order approving the fees of the Gabriele Appraisal Company and thereafter authorizing the debtor to pay the Gabriele Appraisal company a total award of $15,062.50. At the hearing, counsel for the debtor was unable to establish that there were presently sufficient funds in the debtor's estate to fund the payment of these fees, if such payment were awarded. It appears that the funds in the debtor's DIP account are completely subject to the lien of the Internal Revenue Service and thus unavailable for this purpose. Accordingly, the application filed by counsel for the debtor for an order approving the payment of compensation to the Gabriele Appraisal Company for professional services rendered is denied without prejudice to renew upon a

showing that there are funds in the debtor's estate not subject to a pre-existing lien which are available to make the payment of these professional fees.

> D.  The application of the debtor for approval of the debtor's Fifth Amended Disclosure Statement and Third Amended Plan of Reorganization is denied on the grounds that the debtor has failed to meet disclosure requirements and has presented a plan which is not confirmable.

On August 31, 2006, the debtor filed his Third Amended Chapter 11 Plan and Fifth Amended Disclosure Statement.  On September 15, 2006, the Office of the United States Trustee filed an Objection to the debtor's   Third Amended Chapter 11 Plan and Fifth Amended Disclosure Statement.  On September 18, 2006, counsel for the Internal Revenue Service filed an Objection to the debtor's Third Amended Chapter 11 Plan and Fifth Amended Disclosure Statement.  On September 18, 2006, counsel for Nachama Hirsch filed an Objection to the debtor's Third Amended Chapter 11 Plan and Fifth Amended Disclosure Statement.  On September 28, 2006, counsel for the debtor filed a reply to the Objections.  At the hearing on January 4, 2007, several issues raised by the Objections remained unresolved: the classification and treatment of Nachama Hirsch with regard to other unsecured creditors; the debtor's agreement regarding payment of fees to his counsel; and the sale of the properties without marketing.  In addition, counsel for Mrs. Hirsch stated that she would not vote in favor of the plan as presently constituted, rendering the plan non-confirmable.

Under all the circumstances, the Courts feels that the debtor has had sufficient time to present and implement a confirmable plan, and, having failed to do so, the case should be converted to a chapter 7 case, and a chapter 7 case trustee appointed to conduct such sales of the

10

property of the estate as appropriate.  See Loop Corp. v. U.S. Trustee, 379 F.3d 511,514-18 (8th Cir. 2004) (the bankruptcy court did not abuse its discretion when it converted a chapter 11 liquidating case because of the debtor's failure to effectuate a plan); In re Tiana Queen Motel Inc., 749 F.2d 146,151-52 (2d Cir. 1984), *cert. denied*, 471 U.S.1388 (1985) (the bankruptcy court did not abuse its discretion when it converted a chapter 11 case where the debtors lacked the wherewithal necessary to market their properties expeditiously and devise a realistic reorganization plan);  In re Axcess Global Communications Corp., 2003 WL 21714994, at *2 (E.D. La. July 18, 2003)(the bankruptcy court did not abuse its discretion when it converted a chapter 11 case after the debtor failed to develop a confirmable plan after twenty-two months); In re Sunflower Racing Inc., 221 B.R. 940, 943(D. Kan. 1998) (the bankruptcy court found that the debtor's failure to develop a confirmable plan despite three opportunities and over two years was sufficient cause to convert the case); Halvajian v. The Bank of New York, 216 B.R. 502,512-14 (D. N.J. 1998)(the bankruptcy court did not abuse its discretion when it converted a chapter 11 case after the debtor failed to develop a confirmable plan after twenty-two months and where the debtor's projected income was speculative);   Faden v. Faden, 1990 W.L. 181861, at*3-5 (D. N.J. November 5, 1990) (the bankruptcy court did not abuse its discretion when it converted a chapter 11 case after the debtor failed to develop a confirmable plan after four and one half years).

The Court shall enter a separate Order converting this case to a chapter 7 case and recommending the appointment of a chapter 7 case trustee other than Paul Krohn, Esq.

### D.   Applications of Nachama Hirsch

On March 22, 2006, counsel for Nachama Hirsch, the debtor's former wife and a

11

creditor in this case, filed a First Amended Disclosure Statement in connection with a liquidating

plan which was filed on December 2, 2005.   On March 27, 2006, counsel for the debtor filed an

Objection to the adequacy of the Disclosure Statement.  The Office of the United States Trustee

had not filed any papers on this aspect of the case at the time of the hearing on January 4, 2007,

and counsel for Nachama Hirsch had not filed a written response to the debtor's Objection.  The

case was not ready to proceed to a hearing for approval of the disclosure statement at that time.

Under all the circumstances, the Courts finds that Nachama Hirsch, having had sufficient time to

present and implement a confirmable plan, and not only having failed to do so but also having

filed an application to convert the case to a chapter 7 case, it is appropriate to convert this case to

a chapter 7 case, and have a chapter 7 case trustee appointed, as noted above.

### E.  Other Applications

In light of the resolution of the above applications, the application of the United

States of America (Internal Revenue Service) for an order granting relief from the automatic

stay; the application of the debtor for an order quashing a subpoena and directing the creditor

Nachama Hirsch from the use of certain documents are adjourned to the status conference in this

case scheduled for January 18, 2007.

### CONCLUSION

The Sales Application is denied because the debtor failed to meet the showing

required pursuant to the holding in In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983).  The

application of creditor Maspeth Federal Savings and Loan Association for an order granting relief from the automatic stay is denied because Maspeth is adequately protected.   The application filed by counsel for the debtor for an order approving the payment of compensation to the Gabriele Appraisal Company for professional services rendered is denied without prejudice to renew upon a showing that there are funds in the debtor's estate not subject to a pre-existing lien which are available to make the payment of professional fees.   The application of the debtor for approval of the debtor's Fifth Amended Disclosure Statement and Third Amended Plan of Reorganization is denied on the grounds that the debtor has failed to meet the disclosure requirements and has presented a plan which is not confirmable.   The application of creditor Nachama Hirsch for approval of her Disclosure Statement and Plan of Reorganization is denied for substantially the same reasons.    The application of the creditor Nachama Hirsch for an order converting the case from a chapter 11 case to a chapter 7 case is granted; the debtor in this case has failed for more than four years to develop a confirmable plan, provide adequate disclosure concerning projected income to support payments called for under the plan and to market the properties proposed for sale in an expeditious manner.   The application of the United States of America (Internal Revenue Service) for an order abandoning certain real property and granting relief from the automatic stay and the application of the debtor for an order quashing a subpoena and directing the creditor Nachama Hirsch from the use of certain documents are adjourned to

the status conference in this case scheduled for January 18, 2007.

13

Dated:   Brooklyn, New York
       January 5, 2007

                                   s/Dennis E. Milton
                                 DENNIS E. MILTON
                                 United States Bankruptcy Judge