UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

BENJAMIN HIRSCH,

                              Debtor.

-----------------------------------------------------------x

                                                      Chapter 7

                                                      Case No. 1-02-17966-jbr

## DECISION AND ORDER DENYING DEBTOR'S MOTION SEEKING TO SURCHARGE TRUSTEE (Docket # 571)

Benjamin Hirsch ("Debtor") filed a motion ("Motion") seeking to compel Robert Musso, Esq., the Chapter 7 Trustee of the Estate of Benjamin Hirsch ("Trustee"), to pay $400,000 to the Internal Revenue Service ("IRS") and to hold the Trustee liable for any penalties and interest that have accrued since June 2007 (Docket # 571). The Trustee filed an opposition in response to Debtor's motion (Docket # 577); the Debtor filed a reply (Docket # 579), and the Trustee filed an additional response (Docket # 580). The IRS filed a statement of its position (Docket # 581). At a hearing on the Motion, Debtor, the IRS, and the Trustee agreed, on the record, to a partial distribution of $225,000 by the Trustee to the IRS; the Court signed an Order memorializing this agreement and, per the agreement of all parties, taking under advisement that portion of the Motion seeking to hold the Trustee liable for penalties and interest (Docket # 582). For the reasons set forth below, the Court denies Debtor's Motion (Docket # 571) to surcharge the Trustee.

## Background

On June 21, 2002, Debtor filed a voluntary Chapter 11 petition. On January 5, 2007, Debtor's case was converted to one under Chapter 7. The Trustee filed notice of a sale of Debtor's real property located at 2115 Avenue I, Brooklyn, NY (the "Property") (Docket # 432).

On May 22, 2007, the Honorable Dennis E. Milton signed an Order confirming the sale for $975,000 (Docket # 451). In due course, the Trustee received the sale proceeds.

According to Debtor's Motion, upon information and belief, the sale of the Property netted approximately $400,000 after satisfying the mortgage and paying the administrative expenses for the sale (*See* Docket # 571, ¶ 16) and Debtor believes that this amount should have been distributed to the IRS. Debtor now seeks to hold the Trustee personally liable for all taxes and penalties that have accrued on the pre-petition tax claim since June 2007 to present (*See* Docket # 571, ¶ 25).

In opposition, the Trustee explains why he decided not to distribute the proceeds from the sale of the Property to the IRS. The Trustee states that funds are needed for litigation which is anticipated following the District Court reversal of the decision of the Honorable Dennis E. Milton in *Musso v. Hirsch*, Nos. 08-cv-4735 (CBA), 08-cv-4532 (CBA), 2011 WL 4543225 (E.D.N.Y. Sept. 29, 2011). That decision permits Debtor's ex-wife, Nachama Hirsch, to submit to the state court a judgment avoiding the fraudulent conveyances by the Debtor and finding an entity known as the Hirsch Family Trust to be the alter ego of the Debtor (*See* Docket # 577, ¶ 4). As a result of that appellate decision, Trustee explains that the funds from the sale of the Property are necessary to conduct an investigation of Debtor and his properties and to pay the administrative expenses of the estate (*See* Docket # 577, ¶¶ 2, 4). The IRS agrees with the Trustee that estate funds will be necessary for the anticipated litigation in state court as a result of the District Court's reversal and that "it is difficult to project the future litigation expenses with certainty and thus far, it appears to the United States that the Trustee's attorney has been careful to avoid expending time unnecessarily in the case" (*See* Docket # 581, ¶ 4). The Trustee

also argues that an appeal was pending after the Honorable Dennis E. Milton awarded Debtor's chapter 11 attorneys $180,000, despite the attorneys requesting more than $373,000 in fees. Although the attorneys abandoned their appeal from the reduction in their fees in "only the last few months," if they had been successful, the estate would have needed to pay those fees (*See* Docket, # 577, ¶ 5). Finally, the Trustee states he was willing to make an interim distribution to the IRS as early as February 2010, as long as Debtor, the IRS, and Nachama Hirsch could agree on the amount.

## Analysis

In this circuit, a bankruptcy trustee can be surcharged for the negligent performance of duties as trustee. *In re Gorski*, 766 F.2d 723, 727 (2d Cir. 1985). A trustee is not liable for objectively reasonable mistakes in judgment where discretion is allowed. *In re Smith*, 426 B.R. 435, 441 (E.D.N.Y. 2010)(citations omitted). Furthermore, a trustee "is immune from suit for personal liability for acts taken as a matter of business judgment in acting in accordance with statutory or other duty or pursuant to court order." *Id*. (citations omitted).

Here, Debtor did not sustain his burden of proof that the Trustee was negligent. The thrust of Debtor's argument is that an interim distribution should have been made to the IRS consisting of the proceeds from the sale and that Debtor was harmed by the delay in the distribution. However, the Trustee's business judgment was that he would need additional funds to properly administer the estate and the IRS agreed with the Trustee on that point. Due to the various appeals that were, are, and potentially will be pending in this case, and the general support by the IRS of the Trustee's actions (*see generally* Docket # 581), this Court cannot find that the Trustee was negligent. It is not the Court's or Debtor's business judgment which counts here.

Furthermore, it is clear that the Trustee was not comfortable making an interim distribution until after claims were resolved and there were sufficient assets on reserve to administer the estate. To the Court, the Trustee's actions appear objectively reasonable and to be a sound exercise of his business judgment.

## Conclusion

For the reasons set forth, the portion of Debtor's Motion (Docket # 571) seeking to surcharge the Trustee is DENIED.

SO ORDERED.



Dated: December 29, 2011  
Brooklyn, New York

/s/ Joel B. Rosenthal  
**Joel B. Rosenthal**  
**United States Bankruptcy Judge**